# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00787-CR

**Ruby Irisanna Hatcher, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 53,775, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Ruby Irisanna Hatcher waived her right to trial by jury and pleaded guilty to intentionally or knowingly causing bodily injury to a child. Tex. Pen. Code Ann. § 22.04(a)(3), (f) (West 2003). The court assessed punishment at imprisonment for ten years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

A copy of counsel's brief was delivered to appellant, who also exercised her right to file a pro se brief. In her pro se brief, appellant urges that she did not receive constitutionally

effective assistance of counsel at trial. Specifically, she contends her attorney: (1) failed to acquaint himself with the law applicable to this case; (2) failed to conduct an independent investigation; (3) failed to request an evidentiary hearing regarding appellant's statement; (4) failed to "give true counsel," that is, failed to adequately explain the proceedings to appellant; (5) failed to "counsel a guilty plea," a contention similar to the previous one; (6) "struggled to serve two masters," by which she asserts that counsel tricked her into inculpating herself; and (7) "gave biased opinions which greatly hindered his zeal to represent me," by which she complains that counsel was biased against women generally and working women in particular. Most of these allegations concern matters that are outside the appellate record. Appellant cannot, on the present record, overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: July 11, 2003

Do Not Publish